**TRACTOR SUPPLY COMPANY,**
Petitioner,

v.

**PENNSYLVANIA BUREAU OF PROFESSIONAL AND OCCUPATIONAL AFFAIRS, Respondent.**

Commonwealth Court of Pennsylvania.

Argued April 12, 2000.

Decided May 30, 2000.

---

Lawrence R. Wieder, Harrisburg, for petitioner.

Thomas A. Blackburn, Harrisburg, for respondent.

Before KELLEY, J., FLAHERTY, J. (P.), and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Tractor Supply Co. (Appellant) petitions for review of the July 13, 1999 decision and order of the State Board of Vehicle Manufacturers, Dealers and Salespersons (Board) that levied a civil penalty in the amount of $1000 against Appellant for violation of Section 5(a) of the Board of Vehicles Act (Act).[1] We reverse.

Appellant operates a store on Route 72 South, outside Lebanon, Pennsylvania, at which it sells farm equipment, including snow blowers and trailers. Appellant has never been licensed by the Board as a vehicle dealer. On June 19, 1996, a professional conduct investigator employed by the Bureau of Enforcement and Investigations visited Appellant's store. The investigator informed Appellant's store manager that a license was required to sell trailers weighing more than 3,000 pounds. After subsequent visits to the store and after review of Appellant's records, including sales invoices and a certificate of origin, the investigator determined that Appellant had sold a number of trailers with a gross vehicle weight rating (GVWR) in excess of 3,000 pounds.

On July 23, 1998, an order to show cause was filed, charging Appellant with engaging in unlicensed activities by selling trailers with a *gross vehicle weight* over 3,000 pounds. Appellant responded by letter dated September 22, 1998, indicating that he had a good faith belief that no license was required to sell trailers that weighed

---

1. Act of December 22, 1983, P.L. 306, *as amended*, 63 P.S. § 818.5(a), which states in pertinent part as follows:

 (a) License required.-
 To promote the public safety and welfare, it shall be unlawful for any person to engage in the business as a salesperson, dealer ... distributor ... or distributor representative within this Commonwealth unless the person has secured a license as required under this act.

less than 3,000 pounds when empty. The Board held a hearing on February 11, 1999, at which Appellant was represented by its district manager. The investigator offered testimony and other evidence to establish that Appellant had sold vehicles with a *GVWR* in excess of 3,000 pounds. Appellant presented no evidence at the hearing and did not cross-examine the bureau investigator.

Section 5(a) of the Act is violated when a person sells a vehicle without a license that is required by the Act. Section 2 of the Act defines a "vehicle" as every device that is or may be moved or drawn upon a highway, except devices that are infrequently operated or moved upon a highway but are designed primarily for use in construction or agriculture or road maintenance. 63 P.S. § 818.2. That section also defines "trailer or semitrailer" as a vehicle, other than a recreational vehicle, with a *gross vehicle weight* over 3,000 pounds, which is designed to be towed by a vehicle.[2]

Noting that the Act does not define the term "gross vehicle weight," the Board turned to the definitions contained in Section 102 of the Vehicle Code, 75 Pa.C.S. § 102, for guidance. The Vehicle Code defines "gross weight" as the combined weight of a vehicle and its load, excluding the driver's weight. The Board stated that this definition could not be applied to trailers offered for sale, because they are not already loaded. Nevertheless, the Board relied on this definition to conclude that the General Assembly intended the term "gross vehicle weight," as used in the Act's definition of "trailer," to mean the weight of the trailer combined with the weight of its load. Because the Act requires licensure for the sale of heavier trailers but exempts lighter trailers from the licensure requirements, the Board reasoned that a trailer's maximum loaded weight must be considered.

The Board turned again to the Vehicle Code to determine what loaded weight should be imputed to the empty trailers. The Vehicle Code defines GVWR as the value specified by the manufacturer on the Federal weight certification label as the loaded weight of a single vehicle. 75 Pa. C.S. § 102. The Board also observed that federal regulations define GVWR as the maximum design loaded weight of a single vehicle. 40 C.F.R. § 86.082–2. Because the GVWR indicates what maximum load would be permitted and is stamped on trailers by the manufacturer, the Board concluded that the term "GVWR" is readily applicable to the sale of a trailer.

Based on this reasoning, the Board interpreted the term "gross vehicle weight," as used in the Act's definition, to mean the GVWR of a vehicle and the term "trailer" to mean a vehicle designed to be towed by another vehicle and having a GVWR over 3,000 pounds. The Board rejected Appellant's assertion that it had acted in good faith, finding that Appellant made no attempt to verify applicable licensing requirements or to apply for a license after being informed that one was required. The Board concluded that Appellant had violated Section 5(a) of the Act, imposed a civil penalty of $1000, and ordered Appellant not to engage in business as a vehicle dealer until such time as it is licensed by the Board.

 On appeal to this Court,[3] Appellant argues that the Board erred in interpreting the term "gross vehicle weight" as used in the Act to be synonymous with the term "gross vehicle weight rating" as defined by the Vehicle Code. Appellant main-

---

2. The 1996 amendment rewrote Section 1 of the Act, keeping the definition of "vehicle" substantially the same and adding a definition of "trailer or semitrailer."

3. This Court must affirm the Board's adjudication unless we find that Appellant's constitutional rights have been violated, the adjudi-

cation is not in accordance with the law, or necessary findings of fact are not supported by substantial evidence. *Maggiano v. Pennsylvania State Board of Vehicle Manufacturers, Dealers and Salespersons*, 659 A.2d 1071 (Pa. Cmwlth.1995).

tains that the General Assembly knowingly and consciously used the term "gross vehicle weight," rather than "gross vehicle weight rating," in the Act's definition of "trailer or semitrailer." We conclude that the language in both the Act and the Vehicle Code supports Appellant's contention that the General Assembly did not intend the definitions in the two statutes to be used interchangeably.

For instance, while the terms "trailer" and "semitrailer" are defined synonymously in the Act, they are defined as separate terms in the Vehicle Code. Section 2 of the Act contains only one reference to vehicle weight, in the definition of "trailer or semitrailer," but Section 102 of the Vehicle Code contains separate and distinct definitions for "gross combination weight rating," "gross vehicle weight rating," "gross weight," and "registered gross weight." Significantly, the General Assembly did not use the terms "gross weight" and "gross vehicle weight rating" synonymously *within the Vehicle Code.* Chapter 49 of the Vehicle Code, as it regulates the maximum weights of vehicles,[4] utilizes the terms "gross weight" and "registered gross weight," but contains no reference to "gross vehicle weight rating." The latter term can be found in Chapter 16 of the Vehicle Code, which defines a "commercial motor vehicle" as a vehicle with a GVWR of 26,001 or more pounds. 75 Pa.C.S. § 1603. We also note that in the Act's definition of "motorcycle," 63 P.S. § 818.2, the General Assembly specifically incorporated the definition of ATV's set forth in the Vehicle Code, while no similar reference is included elsewhere in the Act's definitions.

In light of the distinctions evident in both statutes, we are persuaded that the use of the term "gross vehicle weight" in the Act, rather than the term "gross vehicle weight rating," was knowing and inten-

tional. Moreover, there is nothing in the record, the Act or the Act's legislative history which indicates that the 1996 amendment to the Act was intended to extend the application of the Act's licensing requirements to vehicles that were previously exempt from those requirements based on their weight.[5]

The Board argues that its interpretation is entitled to great deference and should not be reversed unless it is clearly erroneous. *See Alpha Auto Sales, Inc. v. State Board of Vehicle Manufacturers, Dealers and Salespersons,* 537 Pa. 353, 644 A.2d 153 (1994). The Board maintains that to consider only the weight of an empty trailer would render the word "gross" mere surplusage. In response, Appellant points out that an empty vehicle has a gross weight, just as a loaded one does, which can be ascertained simply by placing the empty vehicle on a scale.

The certificate of origin introduced as evidence against Appellant reflects that a trailer with a GVWR of 7000 pounds has a shipping weight of only 1250 pounds. (R.R. 57a.) There is no evidence of record that the gross vehicle weight of any trailer sold by Appellant exceeded 3,000 pounds.

Accordingly, we reverse.

### ORDER

NOW, May 30, 2000, the order of the State Board of Vehicle Manufacturers, Dealers and Salespersons, dated July 13, 1999, is reversed.

---

**4.** See 75 Pa.C.S. §§ 4941–4948.

**5.** The bureau investigator testified that he spoke to Appellant's manager about a "new rule," but offered no explanation or authority for his reliance on the vehicles' GVWR in applying the rule.